OPINION
{¶ 1} Appellant Donna Conley appeals her conviction, from the Perry County Court of Common Pleas, for one count of involuntary manslaughter and one count of child endangering. The following facts give rise to this appeal.
 {¶ 2} On December 13, 2002, the Perry County Grand Jury indicted appellant on one count of involuntary manslaughter and one count of child endangering. The count of involuntary manslaughter was based upon an underlying felony of child endangering. The indictment arose from the death of Brandi Conley, on December 18, 1996. At the time of her death, Brandi was four years of age.
 {¶ 3} This matter proceeded to trial on July 14, 2003. At trial, the following evidence was presented concerning the circumstances of Brandi's death. Appellant, Scott Conley (appellant's husband), Brandi (Scott Conley's daughter and appellant's step-daughter), Shawn and Heather Byrnes (appellant's two children from a previous marriage), and Patricia and Wilson Bidlack (appellant's parents) had recently moved into a large old house that had once been used as a hotel. Appellant, Scott, Brandi, Shawn and Heather lived on the second floor of the house. Patricia and Wilson lived on the first floor.
 {¶ 4} On December 17, 1996, the day Brandi suffered the injury that eventually led to her death, appellant and Brandi were home alone. At 12:53 p.m., on this date, appellant placed a 9-1-1 call to the Perry County Sheriff's Department requesting help. Appellant stated that her four-year-old daughter had fallen down the stairs and hit her head. The dispatcher was unable to secure the services of a voluntary emergency squad from the area. A paid ambulance was dispatched from Zanesville and arrived on the scene at 1:23 p.m.
 {¶ 5} When the emergency squad entered the residence they found Brandi, on the couch, on the second floor of the residence. The emergency squad described Brandi's condition as extremely serious. The emergency squad transported Brandi to Bethesda Hospital in Zanesville. Thereafter, she was flown, by helicopter, to Children's Hospital in Columbus, where she died the following day.
 {¶ 6} During Brandi's treatment, appellant spoke to a deputy from the Perry County Sheriff's Department and an investigator from Perry County Children's Services. Appellant stated that she heard a noise and thereafter, found Brandi at the bottom of the stairs by a blanket. According to the investigator, appellant stated that Brandi cried at first and then became unconscious. Appellant further stated that after discovering Brandi, she called her mother and then called 9-1-1 for assistance.
 {¶ 7} Following her death, Dr. Keith Norton, of the Franklin County Coroner's Office, performed an autopsy. In his initial report, Dr. Norton stated the cause of death was blunt trauma to the head which he characterized as accidental. Subsequently, Dr. Norton changed the autopsy report indicating Brandi's death was a homicide rather than an accident. Although Dr. Norton testified that he was under considerable pressure from appellant's ex-husband and doctors at Children's Hospital to change his report, Dr. Norton changed the report based upon his review of medical literature and his realization that the injuries were inconsistent with an accident.
 {¶ 8} Other medical experts testified on behalf of the state. Ultimately, each generally concluded that Brandi's injuries were not consistent with having fallen down the stairs or from a fall off the banister above the stairs. There was also testimony concerning physical indications that Brandi may have been physically and/or sexually abused in the past. The defense presented no expert testimony. However, Scott Conley and Shawn Byrnes testified, for the defense, and appellant testified on her own behalf.
 {¶ 9} Following deliberations, the jury found appellant guilty as charged. On August 20, 2003, the trial court sentenced appellant to nine years of imprisonment on the count of involuntary manslaughter and four years of imprisonment on the count of child endangering. The trial court ordered the sentences be served consecutively, for a total of thirteen years in prison.
 {¶ 10} Appellant timely filed a notice of appeal[1] on September 16, 2003. On April 23, 2004, appellant filed a petition to vacate or set aside judgment and sentence. On May 3, 2004, appellant filed an amendment to post conviction relief. The trial court denied appellant's motion to vacate on May 13, 2004. Appellant filed a motion for reconsideration on May 21, 2004, and an amendment to the motion for reconsideration on May 25, 2004. The trial court denied appellant's motion for reconsideration on June 1, 2004.
 {¶ 11} On May 25, 2004, appellant filed a motion for leave of court to conduct discovery. The trial court denied appellant's motion for leave to conduct discovery and her amendment to motion for reconsideration on June 22, 2004. In a separate judgment entry, also filed on June 22, 2004, the trial court denied appellant's amendment to her motion for post conviction relief.
 {¶ 12} The appeal currently before the court concerns the aforementioned rulings by the trial court concerning the post-trial motions filed by appellant. Appellant raises the following assignments of error for our consideration:
 {¶ 13} "I. THE TRIAL COURT ERRED IN DENYING THAT APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS.
{¶ 14} "II. APPELLANT WAS DEPRIVED OF HER RIGHTS TO A GRAND JURY INDICTMENT, TO DUE PROCESS AND A FAIR TRIAL PURSUANT TO ART. I, SECTION10 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE INDICTMENT FAILED TO INCLUDE ALL THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED AND THE JURY WAS NEVER INSTRUCTED ON A CULPABLE MENTAL STATE.
{¶ 15} "III. THE TRIAL COURT ERRED WHEN IT DID NOT FIND THAT THE STATE WITHHELD EVIDENCE FROM THE DEFENSE IN VIOLATION OF THE UNITED STATES AND OHIO CONSTITUTIONS AND THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT AN EVIDENTIARY HEARING ON THE BRADY ISSUE.
{¶ 16} "IV. THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT AN EVIDENTIARY HEARING ON APPELLANT'S POST CONVICTION PETITION IN VIOLATION OF APPELLANT'S RIGHTS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
{¶ 17} "V. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR RECONSIDERATION OF ITS ENTRY DENYING POST CONVICTION RELIEF, AND ERRED IN DENYING AN EVIDENTIARY HEARING.
{¶ 18} "VI. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR LEAVE TO CONDUCT DISCOVERY, APPELLANT'S AMENDMENT TO MOTION FOR RECONSIDERATION, AND APPELLANT'S AMENDMENT TO POST CONVICTION PETITION WITHOUT AN EVIDENTIARY HEARING."
 I, II, III, IV, V, VI {¶ 19} We will not address the issues raised by appellant, in her six assignments of error, as we find these issues moot based upon our disposition of appellant's direct appeal in Case No. 03-CA-18. In that case, we determined that "* * * because the indictment failed to invoke the court's jurisdiction and was not amended, implicitly or explicitly, appellant's convictions for involuntary manslaughter and child endangering are void." State v. Conley, Perry App. No. 03-CA-18, at ¶ 27, ____ 2005 ____.
 {¶ 20} Accordingly, appellant's six assignments of error are dismissed as moot.
Wise, J. Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas of Perry County, Ohio, is dismissed.
Costs assessed to the State of Ohio.
[1] Appellant's direct appeal is Case No. 03-CA-18.